Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9624 | **DATE** | 12/10/2012 |
| **CASE TITLE** | Robert Martin (#2012-0702087) vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to deduct $7.68 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. On the court's own motion, Thomas Dart and Cermak Health Services are dismissed as defendants on initial review pursuant to 28 U.S.C. § 1915A. The clerk is directed to issue summonses for service on defendants Williamson and Fowler by the U.S. Marshal. The clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. The plaintiff's motion for appointment of counsel [#4] is denied, without prejudice.

■ [**For further details see text below.**]     **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, jail health care providers, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he was denied needed care and treatment for a hernia and for injuries sustained during the course of his arrest.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $7.68. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each **(CONTINUED)**

mjm

time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the complaint states a colorable cause of action under the Civil Rights Act. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001); *but see Johnson v. Doughty*, 433 F.3d 1001, 1017 (7th Cir. 2006) (inattention only to serious injury or signs of serious injury amounts to a constitutional violation). Accordingly, Drs. Williamson and Fowler must respond to the allegations in the complaint.

However, the complaint is summarily dismissed on initial review as to defendants Dart and Cermak Health Services. The plaintiff has alleged no facts suggesting Sheriff Dart's direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has the plaintiff indicated that the alleged violation of his constitutional rights occurred at Dart's direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Cermak Health Services, in turn, is not a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993); *Daniel v. Dart*, No. 11 C 2030, 2011 WL 1539636, *2 (N.D. Ill. Apr. 20, 2011) (Bucklo, J.).

The clerk shall issue summonses for service of the complaint on defendants Williamson and Fowler. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. If either defendant can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections and/or Cermak Health Services shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.
**(CONTINUED)**

**STATEMENT (continued)**

      The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

      Finally, the plaintiff's motion for appointment is denied at this time, based on the factors set forth in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *inter alia*. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.